IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEITH KENDRICK, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-360 |
| v. | |
| JASON LYBERGER; and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | |
| Defendants. | |

**O R D E R**

The Court **GRANTS** Defendants' Motion to Enforce Settlement Agreement. (Doc. 56.)

**BACKGROUND**

This action arises out of a motor vehicle accident involving Defendant Jason Lyberger and Plaintiff Keith Kendrick. On November 4, 2024, Defendants served Plaintiff's then counsel, Mr. Seth Diamond of the Morgan & Morgan law firm, with an offer to resolve this case pursuant to O.C.G.A. § 9-11-68. (Doc. 56-1.) Defendants offered to pay Plaintiff $100,000 in exchange for Plaintiff Keith "agreeing to (i) filing a stipulation of dismissal with prejudice of all claims against all Defendants . . ." and "(ii) Plaintiff agreeing to sign and signing a general release of all claims brought or which could have been brought by Plaintiff or on his behalf against [Defendants] in this lawsuit or otherwise arising from the motor vehicle incident on January 17, 2021 that forms the basis of Plaintiff's claims in this lawsuit . . . ." (Id. at p. 2.) On December 9, 2024, Mr. Diamond, emailed Defendants' counsel that "Mr. Kendrick has directed [Mr. Diamond] to accept the Rule 68 offer for $100,000." (Doc. 56-2, p. 1.) On December 13, 2024, Defendants' counsel sent Mr.

Diamond the General Release and Settlement Agreement memorializing the parties' agreement. (Doc. 56-4, p. 1; see also doc. 56-3.)  On January 6, 2025, Defendants' counsel mailed the settlement check to Mr. Diamond, and Mr. Diamond received the check on January 8, 2025.  (Docs. 56-6, 56-6.)  Plaintiff has not signed the release or filed a dismissal of this lawsuit.

On February 28, 2025, Defendants moved to enforce the parties' agreement to settle.  (Doc. 56.)  Plaintiff responded through his new counsel and did not deny that the parties reached an enforceable settlement agreement.  (Doc. 70.)  Instead, Plaintiff complained about Mr. Diamond's representation.  (Id.)  He essentially argued that he had no choice but to accept the settlement offer because of Mr. Diamond's malpractice in prosecuting Plaintiff's claims and the claims of another occupant of Plaintiff's vehicle (hereinafter, the "other occupant").  Plaintiff stated that, "[w]hile the Defendants['] moving to enforce a settlement appears to be on appropriate footing, [Plaintiff] was forced to settle his case based upon misleading statements by Morgan & Morgan [about the Court's rulings in the other occupant's case and how those rulings would impact Plaintiff's case]."  (Id. at p. 4.)

## STANDARD OF REVIEW

The Court uses the applicable state's contract law to construe and enforce settlement agreements.  Vinnett v. Gen. Elec. Co., 271 F. App'x 908, 912 (11th Cir. 2008).  Here, there is no dispute by either party that Georgia law controls.[1]  (See doc. 56, p. 4; see generally doc. 70.) "Under Georgia law, a motion to enforce a settlement agreement is evaluated under the standards similar to a motion for summary judgment," Cohen v. DeKalb Cnty. Sch. Dist., No. 1:09-CV-1153-WSD, 2009 WL 4261161, at *4 (N.D. Ga. Nov. 25, 2009) (citing Ballard v. Williams, 476

---

[1] "[T]he validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made."  Rayle Tech, Inc. v. DEKALB Swine Breeders, Inc., 133 F.3d 1405, 1409 (11th Cir. 1998).

2

S.E. 2d 783, 784 (Ga. Ct. App. 1996)), with the moving party bearing the burden of showing that there was an enforceable settlement agreement, see Francis v. Chavis, 814 S.E.2d 778, 779 (Ga. Ct. App. 2018).  Viewing the evidence in the light most favorable to the nonmoving party, the party seeking to enforce the agreement "must show that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on whether a settlement was reached." Id. (internal quotations omitted).

## DISCUSSION

"Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract." Wilkins v. Butler, 369 S.E.2d 267, 268 (Ga. Ct. App. 1988); Blum v. Morgan Guar. Tr. Co., 709 F.2d 1463, 1467 (11th Cir. 1983) ("The construction of settlement contracts is governed by state law applicable to contracts in general."). To constitute a valid contract under Georgia law, "there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1. "Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." Brumbelow v. N. Propane Gas Co., 308 S.E.2d 544, 546 (Ga. 1983). "[L]etters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice" to show the existence of a valid, enforceable settlement agreement. Id. at 547.

Defendants have indisputably established a binding agreement to settle this lawsuit. Defendants' counsel and Mr. Diamond were able to contract for settlement on behalf of their clients.  Defendants made a valid offer pursuant to O.C.G.A. § 9-11-68 which stated with particularity the material conditions—that Plaintiff sign a general release and file a stipulation for

3

dismissal with prejudice in exchange for a payment of $100,000.  (Doc. 56-1.)  Mr. Diamond assented to these terms in writing on behalf of Plaintiff.  (Doc. 56-2.)  Defendants provided consideration by sending the $100,000 check to Plaintiff's counsel.  (Docs. 56-5, 56-6.)

Plaintiff does not dispute any of these contractual elements.  He does not contend Mr. Diamond acted without his consent when agreeing to settle.  Even if he had, his remedy would be "against the attorney who overstepped the bounds of his agency, not against the third party." Brumbelow, 308 S.E.2d at 546.  Plaintiff's concerns about Mr. Diamond's representation are not germane to whether the parties reached a valid settlement agreement.  Those are matters between Plaintiff and Mr. Diamond, not Plaintiff and Defendants.

## CONCLUSION

The Court **GRANTS** Defendants' Motion to Enforce Settlement Agreement, (doc. 56), and **ORDERS** Plaintiff to execute a final settlement agreement, accept the agreed upon consideration, and file a stipulation of dismissal.  Failure to comply with these directives **within FOURTEEN (14) DAYS** will constitute contempt and be punishable by sanctions.  The Court **DENIES** Defendants' request for attorney's fees, (id. at pp. 5–6).  Defendants provide no legal authority for an award of fees, and the facts here do not warrant an award of fees.  Finally, no pending motion or other pleading requires the Court to inquire into Mr. Diamond's performance.  Thus, the Court **DENIES** Plaintiff's request for a hearing on those matters.  (See doc. 70, pp. 4–5.)

**SO ORDERED** this 10th day of July, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4